**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| **DONALD A. WEGMAN** | Case No.: 1:21-cv-00530 |
| **Plaintiff,** | Judge: |
| v. | |
| **RUMPKE OF OHIO, INC., ET AL.,** | |
| **Defendants.** | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Rumpke of Ohio, Inc., Kyle Aughe, Matthew J. Bauer, Jesus Velasquez, William Rumpke, Jr., Eric Bostian, and Rumpke Consolidated Companies, Inc. (collectively "Defendants") by counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, file this Notice of Removal of a civil action from the Hamilton County Court of Common Pleas, Ohio and in support, state the following grounds for removal:

1. On or about July 20, 2021, Plaintiff Donald A. Wegman ("Plaintiff") filed a Complaint in the Hamilton County Court of Common Pleas, Ohio (Case No. A 2102477) against Defendants. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, documents, and orders of which Defendants are aware is attached as Exhibit 1.

2. Defendants' time to respond to the Summons and Complaint by responsive pleading has not yet expired.

3. This Notice is timely. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through

1

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

4. Rumpke of Ohio, Inc. and Rumpke Consolidated Companies, Inc. received the Complaint from Plaintiff's counsel via email to the undersigned on July 20, 2021, and later executed a waiver of service on August 17, 2021.

5. The other individual Defendants received the Complaint or were served after July 20, 2021.

6. Thus, this Notice of Removal has been timely filed within the prescribed 30-day limit.

7. All Defendants who have been properly served consent to the removal of this action in accordance with 28 U.S.C. § 1446(b)(2)(A).

8. Defendants submit this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

9. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides in part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10. The Hamilton Court of Common Pleas is located within this District. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a).

11. <u>Federal Question Jurisdiction:</u> The civil action is within the original jurisdiction of this Court based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff asserts that Defendants violated the Families First Coronavirus Response Act ("FFCRA"), 29 U.S.C. § 2601, et seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., by allegedly denying him leave; and Plaintiff asserts that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., by discharging him. (Compl., ¶¶ 67-69, 88-96, 101-106.) Accordingly, this Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the laws of the United States.

12. The Court may exercise supplemental jurisdiction over the remaining claims, pursuant to 28 U.S.C. § 1367(a), because Plaintiff's state law claims are so related to the federal question claims that they form a part of the same case or controversy. The Complaint asserts that the underlying facts are common to all counts. (Compl.)

13. For the above reasons, Defendants may remove the matter pursuant to 28 U.S.C. § 1441.

14. Contemporaneously with this filing, Defendants are also filing a Notice of Filing of Notice of Removal with the Hamilton County Court of Common Pleas, as required by 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing of Notice of Removal is attached as Exhibit 2. Promptly upon this filing, Defendants are giving written notice of the removal of this action to Plaintiff by serving him as further required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully request that this action be removed from the Hamilton County Court of Common Pleas to the United States District Court for the Southern District of Ohio, Western Division at Cincinnati.

Dated: August 18, 2021                    Respectfully submitted,

*/s/ Karen T. Dunlevey*
Karen T. Dunlevey (0067056), Trial Attorney
David A. Nenni (0080826)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH  45202
Telephone:  (513) 898-0050
Facsimile:   (513) 898-0051
*karen.dunlevey@jacksonlewis.com*
*david.nenni@jacksonlewis.com*

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 18th day of August, 2021, a true and accurate copy of the foregoing document was electronically filed with the Clerk's Office served using this Court's electronic filing system and emailed to counsel of record:

Carolyn A. Betts
6653 Stewart Road
Cincinnati, Ohio 45236
Phone:  513.325.5676
Email:  cabettslaw@zoomtown.com

*Attorney for Plaintiff Donald A. Wegman*

*/s/ Karen T. Dunlevey*
Karen T. Dunlevey

4846-0377-8038, v. 2

4